IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYRONE B. MUHAMMAD,
        Plaintiff,

v.                                Civil Action No. 3:16-cv-00071-JAG

VIRDILIA C. MCGHEE and
DIRECT GENERAL AUTO INS. CO.,
        Defendants.

## OPINION

Virdilia McGhee allegedly rear-ended Tyrone Muhammad in July 2012. From what the Court can piece together, Muhammad sued McGhee in state court, taking an appeal to the Supreme Court of Virginia. In September 2015, McGhee's lawyer filed some sort of motion for sanctions that limited Muhammad's relief in state court. Muhammad now seeks to sue McGhee and her insurance company in federal court.

Federal courts are courts of limited jurisdiction. Specifically, federal courts can only hear cases that present a federal question, 28 U.S.C. § 1331, and cases for over $75,000 that arise between citizens of different states, 28 U.S.C. § 1332. If a case fits neither of these situations, the court lacks subject-matter jurisdiction. Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

In his complaint, Muhammad does not raise any federal questions.[1] Further, he states clearly that both he and McGee are citizens of Virginia. Thus, the Court lacks subject-matter jurisdiction over this case. Accordingly, the Court must dismiss this case.

---

[1] Muhammad does refer to various Federal Rules of Civil Procedure and constitutional amendments, neither of which provide a cause of action for a plaintiff to sue in federal court.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to the pro se plaintiff.

Date: February 4, 2016
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

Muhammad also cites 42 U.S.C. § 1983. Even if the Court liberally construes Muhammad's complaint to include a § 1983 claim, the Court dismisses the case because Muhammad fails to state a claim on which the Court could grant relief. In proceedings in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). Section 1983 allows a plaintiff to sue persons acting under color of state law. 42 U.S.C. § 1983. In this case, Muhammad attempts to sue two private parties. Accordingly, he fails to state a § 1983 claim.

2